WILSON, Circuit Judge,
dissenting to the denial of hearing en bane, joined by MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges:
There are over six hundred people on death row in Florida, Georgia, and Alabama. The Framers of the Constitution determined that such individuals cannot be subjected to torturous, inhumane deaths. Our decision in Arthur,[1] however, has all but overturned the Framers’ determination. Under Arthur, even if a death row prisoner in Florida, Georgia, or Alabama faces an inhumane method of execution, the prisoner has no real recourse.
Arthur imposed a “de facto ban on [relief from a torturous, inhumane death] by adopting method-of-execution rules that lead to litigation gridlock.” See Baze v. Rees, 553 U.S. 35, 71, 128 S.Ct. 1520, 1542, 170 L.Ed.2d 420 (2008) (Alito, J., concurring). To obtain relief from an inhumane method of execution, a death row prisoner must identify a known-and-available execution alternative. Because lethal-injection drugs are both scarce and shrouded in secrecy, prisoners are having to turn to death by firing squad and other non-drug alternatives to meet this requirement. But under Arthur, an execution alternative is available only if it is state authorized, and neither Florida, Georgia, nor Alabama currently authorize any non-drug alternatives other than electrocution (a clearly problematic method of execution). So, the hundreds of prisoners sentenced to death in those states face a de facto ban on relief from a torturous, inhumane death. That defies the intent of the Framers.
J.W. Ledford’s case presents an opportunity for our court to revisit Arthur, and for the reasons discussed more fully in my dissent in Arthur and my concurrence in Boyd,[2] I strongly believe our court should do so.
I respectfully dissent to the denial of hearing en banc.[3]

. Arthur v. Comm’r, Ala. Dep’t of Corrs., 840 F.3d 1268 (11th Cir. 2016), cert. denied sub nom. Arthur v. Dunn, 580 U.S. -, 137 S.Ct. 725, 197 L.Ed.2d 225 (2017).

. Boyd v. Warden, Holman Corr. Facility, 856 F.3d 853, 2017 WL 1856071 (11th Cir. 2017).

. I believe hearing en banc is warranted despite the panel’s conclusion that Ledford’s claim is untimely. First, regardless of that conclusion, this case implicates an issue of *1336 "exceptional importance” in our circuit. See Fed. R. App. P. 35. Arthur, in my view, was wrongly decided, and the panel relied on Arthur as a basis for denying Ledford's claim. "We have a responsibility to interpret the law correctly,” which requires an en banc hearing to correct Arthur and the panel’s reliance on it. See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1099 (11th Cir. 2017) (en banc). Second, I am not persuaded that the panel’s timeliness conclusion is correct. The panel says that Ledford should have filed his claim within two years of Georgia changing its lethal-injection protocol. That might be true if Ledford was alleging that the protocol is unconstitutional as a general matter. But that is not what he alleges. He argues that the protocol is inhumane as applied to him because he has a "unique medical condition,” and he alleges that the condition arose within the past two years. See Gissendaner v. Comm’r, Ga. Dep’t of Corrs., 803 F.3d 565, 569 n.1 (11th Cir. 2015) (per curiam). This is not a case, then, where the claim is "untimely because [it] reifies] on factual conditions that have not changed in the past” two years. See Gissendaner v. Comm’r, Ga. Dep’t of Corrs., 779 F.3d 1275, 1281 (11th Cir. 2015) (per curiam); Siebert v. Allen, 506 F.3d 1047, 1049-50 (11th Cir. 2007) (per curiam) (concluding that a prisoner’s method-of-execution claim was timely because it was an as-applied challenge that "derive[d] from [a] recent [medical] diagnosis”). Third, Ledford's initial federal habeas petition was resolved just yesterday, so I do not believe that he can be characterized as improperly delaying this action. See Ledford v. Sellers, - U.S. -, 137 S.Ct. 2151, - L.Ed.2d - (2017).